IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A. | |
| Plaintiff,<br>Counter Defendant, | CIVIL ACTION FILE NO. |
| v. | 1:10–cv-02309-TWT-RGV |
| LUE A. HODGE MAYFIELD | |
| Defendant,<br>Counter Claimant, | |

## ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the Report and

Recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 18th day of October, 2010.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A. | |
| Plaintiff, | |
| Counter Defendant, | CIVIL ACTION FILE NO. |
| v. | 1:10–cv-02309-TWT-RGV |
| LUE A. HODGE MAYFIELD | |
| Defendant, | |
| Counter Claimant, | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Presently pending are motions to dismiss for failure to state a claim filed by defendant and counter claimant Lue A. Hodge Mayfield ("Mayfield"), [Docs. 2 & 4], and a motion to remand to state court filed by plaintiff and counter defendant Capital One Bank (USA), N.A. ("Capital One"), [Doc. 6]. Neither Mayfield nor Capital One has responded to the pending motions, therefore the motions under consideration are deemed unopposed. See Local R. 7.1(B), N.D. Ga.[1] For the following reasons, the undersigned **RECOMMENDS** that plaintiff's motion to

---

[1] Although the motions are unopposed, the Court will address the merits of the motions. See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

remand to state court, [Doc. 6], be **GRANTED**, that Mayfield's motions to dismiss, [Docs. 2 & 4], be **DENIED** as moot with leave to renew upon remand, and that this case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2010, Mayfield, proceeding *pro se*, filed a notice of removal to remove a debt collection action originally filed on June 21, 2010, by Capital One in the Magistrate Court of DeKalb County, Georgia. Capital One's state court complaint alleged simply that "defendant is indebted to the plaintiff as follows: $8,411.68 principal, $299.45 interest, $896.11 attorneys [sic] fees & $76.50 court costs." [Doc. 1 at 8]. As grounds for removal, Mayfield asserted that "this matter is removable pursuant to 28 U.S.C. § 1331, because [Capital One] is a National Association govern [sic] by federal law," "on grounds that [Mayfield] has a 7th Amendment right to a Trial by Jury that is barred in the Magistrate Court pursuant to O.C.G.A. § 15-10-41," that she "has a 14th Amendment right to Due Process of Law in which [Mayfield] is barred [by O.C.G.A. § 15-10-42] from requesting Discovery of her accuser to verify any and all alleged complaints," that Capital One has "violated Public Law 38 Stat 99-118 [National Banking Act]," that Mayfield has filed a counterclaim alleging that Capital One violated "15 U.S.C. 1692g Fair Debt

Collections Practice Act,"[2] and that her damages of over $15,000 arising from her counterclaim exceed the jurisdictional maximum allowed by the Georgia Magistrate courts pursuant to O.C.G.A. § 15-10-2.  [Doc. 1 at 2-3 ¶¶ 3-8].

On July 23, 2010, Mayfield filed a motion to dismiss Capital One's complaint on grounds that the complaint failed to state a claim upon which relief can be granted.  [Doc. 2 (citing O.C.G.A. § 9-11-12 (b)(6))].  See also [Doc. 1 at 12-16 (the original and identical motion to dismiss filed in the Magistrate Court on July 19, 2010].  Mayfield concurrently filed a second, nearly identical motion to dismiss citing Federal Rule of Civil Procedure 12(b)(6) as grounds for dismissal in lieu of its Georgia analog, O.C.G.A. § 9-11-12(b)(6).  [Doc. 4].  Mayfield also filed a counterclaim against Capital One, alleging primarily "[v]iolations of FDCPA 15 USC § 1692g, and Public Law Volume 13 38th Congress Stat 99-118-National Bank Act."  [Doc. 3 at 1].

## II. DISCUSSION

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.'"  PHH Mortg. Corp. v. Diamond, No.

---

[2] Hereinafter referred to as the "FDCPA."

1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)) (alteration in original).  "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

When a notice of removal is filed, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action.  Bank of New York v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga. Feb. 25, 2008), adopted at *1.  "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476-TWT, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1.  See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).  Federal

courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, Civil Action File 1:10-cv-816-TCB, 2010 WL 1485674, at *2 (N.D. Ga. Apr. 13, 2010) (citation omitted). "On a motion to remand, the party removing the action bears the burden of establishing jurisdiction." Austin v. Ameriquest Mortg. Co., 510 F. Supp. 2d 1218, 1222 (N.D. Ga. 2007) (citing

Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996) overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072-73 (11th Cir. 2000)).

Here, no federal question is apparent on the face of Capital One's state court complaint, and Mayfield's only bases for removal are premised on constitutional defenses and counterclaims arising under federal law. Even if a federal question were properly presented by Mayfield's defenses and counterclaims, a state court action is not removable to federal court on the basis of a defendant raising defenses or counterclaims that arise under the laws or Constitution of the United States. See Citibank, N.A., 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Citimortgage, Inc., 2010 WL 1485674, at *2 (internal mark and citation omitted). See also Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."). Thus, Mayfield's notice of removal referencing

only defenses and counterclaims is insufficient to establish federal subject matter jurisdiction, and this case is due to be remanded to the Magistrate Court of DeKalb County, Georgia. PHH Mortg. Corp., 2006 WL 839405, at *2.

### III. CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Capital One's motion to remand, [Doc. 6], be **GRANTED**, that Mayfield's motions to dismiss, [Docs. 2 & 4], be **DENIED** as moot with leave to renew upon remand, and that this case be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO RECOMMENDED**, this 18th day of October, 2010.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE